UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY PENNER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-633-JD-MGG |
| ZAMBRANA, THOMAS, and SMITH, | |
| Defendants. | |

OPINION AND ORDER

Jeffrey Penner, a prisoner without a lawyer, filed a complaint alleging he was not protected from attack by another inmate on March 14, 2023. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Penner alleges he and a fellow inmate were in protective custody at the Westville Correctional Facility. He alleges that inmate told Officer Smith, Sgt. Thomas, and Lt. Zambrana that he wanted to be moved to general population and that if he was not moved, "he was going to mess somebody up." ECF 1 at 2. He was not moved and a week later he attacked Penner.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Giving Penner the benefit of the inferences to which he is entitled at the pleading stage of this case, the allegations against Officer Smith, Sgt. Thomas, and Lt. Zambrana state a claim. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Penner also sues Warden Galipeau. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. The complaint does not state a claim against Warden Galipeau.

For these reasons, the court:

(1) GRANTS Jeffrey Penner leave to proceed against Officer Smith, Sgt. Thomas, and Lt. Zambrana in their individual capacities for compensatory and punitive damages for not protecting him from attack by a fellow inmate on March 14, 2023, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Galipeau;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Smith, Sgt. Thomas, and Lt. Zambrana at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Smith, Sgt. Thomas, and Lt. Zambrana to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 21, 2023

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT